UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RENEE MARTIN,                                                    Civil Action No.

       Plaintiff,

  -against-                                                    **COMPLAINT**

DONALDSON AND CHILLIEST, LLP, ANTHONY
CHILLIEST, and CAP [LAST NAME UNKNOWN]

       Defendants.    Plaintiff Demands a Trial
               By Jury
-----------------------------------------------------------------------X

  Plaintiff, RENEE MARTIN, (hereinafter referred to as "Plaintiff" or "MARTIN"), by and through her attorneys, **DEREK SMITH LAW GROUP, PLLC,** as and for her Complaint in this action against DONALDSON AND CHILLIEST, LLP, ANTHONY CHILLIEST, and CAP [LAST NAME UNKNOWN], (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

1. This action is brought to remedy, *inter alia*, Defendants' unlawful discrimination against Plaintiff with respect to her employment on the basis of sex and gender, along with a hostile work environment, retaliation as a result of Plaintiff's opposition to these unlawful practices, and Defendants' wrongful termination of Plaintiff as a result of her opposition to these unlawful practices. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), New York Executive Law, § 290, et seq. ("NYSHRL"); the Administrative Code of the City of New York §8-107 et seq. ("NYCHRL"); New York Labor Law ("NYLL"), conduct constituting crimes under Penal Law § 130,  the Gender Motivated Violence

Protection Act ("GMVPA"), and common law claims for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment, in addition to any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 in that the action involves a Federal Question, because the causes of action asserted herein arise in part under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C § 2000e et. seq. ("Title VII"), to remedy violations of the laws of the State and City of New York based upon federal question and the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff suffered as a result of being discriminated, retaliated, and unlawfully terminated on the basis of her sex and gender, as well as a hostile work environment.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2021, against DONALDSON AND CHILLIEST, LLP.

5. Plaintiff received a notice of right to sue letter against DONALDSON AND CHILLIEST, LLP on July 27, 2022. Thus, Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving her notice of right to sue letter.

6.  Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

7.  Plaintiff is a female resident of Queens County, New York.

8.  At all times material, DONALDSON AND CHILLIEST, LLP (hereinafter referred to as "Donaldson and Chilliest") is a limited liability partnership duly existing by the virtue and laws of the State of New York that does business in the State of New York.

9.  At all times material, Plaintiff was employed by Donaldson and Chilliest as a Receptionist.

10. At all times material, Anthony Chilliest (hereinafter referred to as "Chilliest") was the founding partner at Donaldson & Chilliest. Chilliest held supervisory authority, controlling many of Plaintiff's job duties. Chilliest held the power to hire and fire Plaintiff.

11. At all times material, Cap [Last Name Unknown] (hereinafter referred to as "Cap") was an associate of Anthony Chilliest, tasked with counting cash alongside Plaintiff at the offices of Donaldson and Chilliest.

12. Upon information and belief, at all times relevant to this Complaint, Donaldson and Chilliest meets the definition of an "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

13. Around April 2019, Defendants hired Plaintiff as a receptionist. However, Plaintiff was often tasked with attending to Mr. Chilliest's personal errands outside of her job description without any additional compensation.

14. Throughout the duration of Plaintiff's employment, Mr. Chilliest made degrading and sexist remarks about women. By way of example only, Plaintiff overheard Mr. Chilliest exclaim that he "STAYS SANE BY DATING WOMEN IN THEIR TWENTIES."

15. Throughout the duration of Plaintiff's employment, Plaintiff often needed to stay late at the office and work overtime. However, Defendant consistently and repeatedly failed to pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the New York Labor Law ("NYLL").

16. On November 14, 2020, Mr. Chilliest instructed Plaintiff to count $150,000 in cash with an individual that he introduced to Plaintiff as "Cap."

17. Additionally, Mr. Chilliest left Plaintiff completely alone with this individual and told Plaintiff that he was going to lock up the office on his way out.

18. However, as soon as Plaintiff finished counting the money, Cap started asking Plaintiff numerous inappropriate sexual questions .

19. By way of example only, Cap asked Plaintiff, "HAVE YOU EVER BEEN IN A THREESOME" and "HAVE YOU EVER FUCKED A WOMEN?"

20. Afterwards, Cap began aggressively flirting with Plaintiff and told her that was "SEXY" and that she had "BIG TITIES" before outright propositioning Clamant for sexual relations.

21. In response, Plaintiff immediately rebuffed Cap's egregious sexual advances and told him that he was acting inappropriately, which only caused Cap to increase his sexual harassment and act even more aggressively with Plaintiff.

22. Plaintiff was afraid, confused, and shocked by Cap's sexually aggressive behavior. In fact, Plaintiff was afraid that Cap might get angry and potentially become violent if she continued to push him away and rebuff his advances.

23. Therefore, Plaintiff decided to lie and tell Cap that she could not go home with him to have sex because she had a previous nail appointment.

24. Thereafter, Cap grabs Plaintiff's wrist and physically dragged her to the conference room and tried to rape Plaintiff on the conference room table.

25. Plaintiff pleaded and begged for Cap to release her. Eventually, Plaintiff managed to break free from Cap's grasp and ran to the front lobby to leave the office. Unfortunately, Cap chased after Plaintiff and grabbed her before she could escape.

26. Thereafter, Cap pulled out his penis and told Plaintiff that if she did not put her mouth on his penis, he would ejaculate over the couch and Plaintiff would be forced to clean up. At this point, Cap was slowly pressing down on Plaintiff's shoulders in an effort to force her to perform fellatio.

27. In order to avoid getting sexually assaulted, Plaintiff asked Cap if he would prefer to spend time with her at his apartment or at a hotel. Further, Plaintiff told Cap that she could meet him at his residence after her nail appointment.

28. Thereafter, Cap forced Plaintiff to give him her phone number. He then called the number and waited for Plaintiff's phone to ring, to make sure that Plaintiff had not given him a fake number before agreeing to leave with the understanding that they would meet up later that evening for sexual intercourse.

29. Afterwards, Plaintiff left the money that she and Cap were instructed to count under Mr. Chilliest's desk and texted him that she had to leave before heading straight home.

30. That evening, Plaintiff called Mr. Chilliest and reported the egregious sexual harassment and assault that she had just experienced at work. In response, Mr. Chilliest told Plaintiff that the incident was "ON HIM" and that he would "HANDLE IT."

31. On November 15, 2020, Plaintiff was tearing up at her desk and visibly shaken.

32. Afterwards, Mr. Chilliest pulled Plaintiff into his office and proceeds to tell Plaintiff that the office was how he feeds his family and supports himself.

33. Mr. Chilliest continued to explain that the sexual assault that Plaintiff experienced could easily have happened, "ON THE TRAIN, IN A STORE, OR ON THE STREET."

34. In response, Plaintiff explained to Mr. Chilliest that she had been sexually assaulted and physically violated. However, Mr. Chilliest responded that he too felt violated because the assault happened at his office.

35. Unfazed by Mr. Chilliest's sexist and callous response to the sexual assault she had experienced the day before, Plaintiff reminded Mr. Chilliest that Cap had tried to force her to have sex with him on the conference room table.

36. In response, Mr. Chilliest asked Plaintiff, "DON'T MEN ALWAYS TRY TO HAVE SEX WITH WOMEN?" Ultimately, Mr. Chilliest told Plaintiff that she could file a police report, but he refused to provide any information with respect to the identity of the person that had tried to rape and sexually assaulted Plaintiff at work.

37. Afterwards, Mr. Chilliest told Plaintiff to take the day off, walked Plaintiff out of the office, held the door open for Plaintiff, and closed the door after she left the office.

38. That evening, Plaintiff attempted suicide and was involuntarily hospitalized due to the attempted rape, sexual assault, and complete lack of support from her employer after she had disclosed that she had been sexually assaulted in the workplace.

39. Around December 5, 2020, after Plaintiff had been discharged from the hospital, Mr. Chilliest texted Plaintiff to see how she was doing.

40. Around December 18, 2020, Plaintiff texted Mr. Chilliest to let him know that she was ready to return to the office. However, Mr. Chilliest never responded to Plaintiff's messages. Although, Mr. Chilliest continued to send Plaintiff paychecks by mail.

41. Around January 8, 2021, Defendant mailed a final check to Plaintiff's home and never corresponded further with Plaintiff, effectively terminating her employment.

42. Ultimately, Defendants discriminated and retaliated against Plaintiff due to her sex/gender, together with subjecting her to a hostile work environment and an unlawful termination.

43. Defendants retaliated against Plaintiff for engaging in protected activity and opposing Defendants' unlawful practices.

44. The above are just some examples of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

45. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

46. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

47. As a result of Defendants' unlawful and discriminatory actions, Plaintiff became so physically and emotionally distressed that she is having difficulty eating and sleeping.

48. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to his professional reputation.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.

50. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

51. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants, jointly and severally.

52. Plaintiff claims unlawful discharge and also seeks reinstatement.

53. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(NOT AGAINST INDIVIDUAL DEFENDANTS)**

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

55. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

56. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant Donaldson and Chilliest. Among other discriminatory comments and conduct, Defendant Donaldson and Chilliest discriminated against Plaintiff on the basis of her sex and gender, and created a hostile work environment.

57. Plaintiff complains of Defendant Donaldson and Chilliest's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

58. Defendant Donaldson and Chilliest engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

59. Defendant Donaldson and Chilliest violated the above and Plaintiff suffered numerous damages as a result.


**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(NOT AGAINST INDIVIDUAL DEFENDANTS)**

60. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

61. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

62. Defendant Donaldson and Chilliest engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to their unlawful employment practices.

63. Defendant Donaldson and Chilliest violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII**
**(NOT AGAINST INDIVIDUAL DEFENDANTS)**

64. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

76. Title VII of the Civil Rights Act of 1964, as amended, also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiffs' protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiffs' employment. *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

77. Defendants' conduct occurred because of Plaintiff's protected characteristics and was severe or pervasive enough to make a reasonable person of the same legally protected classes believe that the conditions of employment were altered and that the working environment was intimidating, hostile, or abusive.

78. Further, the discriminatory conduct and comments directly refers to Plaintiff's sex and gender, and filled the environment of Plaintiff's work area.

79. Additionally, the discriminatory conduct and comments were emotionally damaging and caused Plaintiff to sustain severe emotional distress resulting in physical illness.

80. Plaintiff subjectively regarded the discriminatory and derogatory comments and conduct as unwelcome, unwanted, and objectively opposed said conduct.

81. As a result of these violations, Plaintiff has suffered damages including but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of

life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

83. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

84. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, color, and national origin, as well as creating a hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

85. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

87. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

88. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

89. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

90. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

91. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

92. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

93. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

94. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

95. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

96. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

97. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

98. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

99. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

100. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

101. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

102. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

103.    The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

104.    Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

105.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

106.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION FOR AIDING AND ABETTING UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

107.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

108.    The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

109.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

110.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

111.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

112.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

113.    New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

114.    Defendants violated the section cited herein as set forth.

115.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN ELEVENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

116.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

117. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

      a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i.  The employee or agent exercised managerial or supervisory responsibility; or

ii.  The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii.  The employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

118.  Defendants violated the above and Plaintiff suffered numerous damages as a result.


## AS AN TWELFTH CAUSE OF ACTION
### OVERTIME WAGES UNDER NEW YORK LABOR LAW
### (NOT AGAINST DEFENDANT CAP)

119. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

120. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Wage Regulations, specifically NYCRR Labor Section 138 *et seq*., in addition to New York Labor Law §§ 2 and 651.

121. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of N.Y.C.R.R. 137-1.3.

122. Defendants violated Plaintiffs' rights to overtime pay under Title 12 NYCRR 142-2.2.

123. Defendants also failed to pay Plaintiffs a premium/additional amount for hours worked in excess of 10 hours per day.

124. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of this action, including interest in accordance with NY Labor Law §1981(1-a).

## AS A THIRTEENTH CAUSE OF ACTION
## SPREAD OF HOURS COMPENSATION UNDER
## NEW YORK LABOR LAW
## (NOT AGAINST DEFENDANT CAP)

125. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

126. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations, N.Y. Labor Law §§ 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.4.

127. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hours compensation, reasonable attorneys' fees, and costs of this action pursuant to N.Y. Labor Law § 663 (1).

## AS A FOURTEENTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS
## OF THE NEW YORK LABOR LAW
## (NOT AGAINST DEFENDANT CAP)

128. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

129. Defendants failed to keep employee-specific records documenting, *inter alia*, actual hours worked in each week, in violation of New York Labor Laws §§195 and 661; 12 NYCRR 142-2.6.

130. Defendants failed to furnish statements with pay and hour information to Plaintiffs, in violation of 12 NYCRR 142-2.7.

131. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## AS A FIFTEENTH CAUSE OF ACTION
## FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF
## THE NEW YORK LABOR LAW
## (NOT AGAINST DEFENDANT CAP)

132. Plaintiffs repeat and re-alleges each and every allegation made in the above paragraphs of this Complaint.

133. Defendants failed to pay Plaintiffs all wages, including overtime wages, for the hours she worked for Defendants. The NYLL requires that wages be paid on an employee's regular payday for all hours worked.

134. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

## AS AN SIXTEENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## (AGAINST DEFENDANT CAP)

138. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

139. The aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant CAP did suddenly and without provocation, did physically assault and batter Plaintiff, herein causing Plaintiff to sustain damages; in that Defendant CAP did conduct himself in a wanton, willful, reckless and heedless manner without regard to the safety of the Plaintiff herein; in that said Defendant was physically abusive; in behaving in a disorderly manner; in using unnecessary, excessive and unlawful touching against the plaintiff; in willfully and maliciously assaulting and battering the Plaintiff herein.

140. Defendant CAP intended to cause the Plaintiff to apprehend imminent harmful contact and his actions caused the Plaintiff to reasonably apprehend such contact.

141. Defendant CAP did further offensively touch and batter the Plaintiff without her consent.

142. Plaintiff has been damaged thereby.

## AS A SEVENTEENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OR EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

143. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

144. Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

145. Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

146. Defendants caused Plaintiff to fear for Plaintiff's own safety.

147. Defendants' breach of their duties to Plaintiff caused Plaintiff to suffer numerous injuries as set forth herein.

148. As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at

the time of trial.

## AS AN EIGHTEENTH CAUSE OF ACTION
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

149. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

150. Defendant's behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

151. Defendant had a duty of care to Plaintiff.

152. Defendant violated that duty.

153. Defendant's breach of duty caused Plaintiff to suffer numerous injuries as set forth herein.

154. As a result of Defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A NINTEENTH CAUSE OF ACTION
## CPLR 213-c FOR CONDUCT CONSTITUTING CRIMES UNDER PENAL LAW §130
## (AGAINST DEFENDANT CAP)

149. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

150. § 130.35 of the New York State Penal Law provides as follows: Rape in the first degree 1 A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.35.

151. § 130.50 of the New York State Penal Law provides as follows: Criminal sexual act in the first degree 1 A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.50.

152. Section 130.70 of the New York State Penal Law; "Aggravated sexual abuse in the first degree" provides that "A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person.

153. § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years. As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause

of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c.

154. Defendant CAP violated the sections cited herein as set forth and Plaintiff suffered numerous damages as a result.

## AS A TWENTIETH CAUSE OF ACTION
## FOR VIOLATING THE GENDER MOTIVATED VIOLENCE PROTECTION ACT
## (AGAINST DEFENDANT CAP)

155. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this Complaint.

156. N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

157. N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may

deem appropriate."

158. N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

159. Defendant Cap's conduct constitutes crimes of "violence motivated by gender" under the Gender-Motivated Violence Protection Act ("GMVPA").

160. Defendant Cap violated the sections cited herein as set forth and Plaintiff suffered numerous damages as a result.

## AS A TWENTY FIRST CAUSE OF ACTION
## FOR FALSE IMPRISONMENT
## (AGAINST DEFENDANT CAP)

161. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint.

162. Defendant Cap detained Plaintiff for long periods of time.

163. Defendant Cap detained Plaintiff in order to perform sexually illegal acts with her.

164. Defendant Cap detainment of Plaintiff was without Plaintiff's consent.

165. Defendant Cap detainment of Plaintiff was unlawful because he utilized the detainment to engage in non-consensual sexually explicit acts with Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay,

attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants'

unlawful employment practices.

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.


Date:   October 20, 2022
        New York, New York

                                        Respectfully Submitted,

                                        **DEREK SMITH LAW GROUP, PLLC.**

                                        *Attorneys for Plaintiff*


                            BY:   __/s/ Daniel Altaras_____
                                  Daniel Altaras, Esq.
                                  One Pennsylvania Plaza, Suite 4905
                                  New York, New York 10119
                                  (212) 587-0760