**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/25/2023

May 25, 2023

**Via ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

     Re:   *Martin v. Donaldson and Chilliest, LLP, et. al.*
            Civil Action No.: 22-cv-08975 (GHW)

Dear Judge Woods:

     This firm represents the Plaintiff in the above-referenced matter. We write pursuant to Rule E.ii of Your Honor's Individual Rules, to respectfully request a pre-motion conference regarding certain outstanding discovery owed to Plaintiff. Alternatively, the undersigned request that Your Honor issue an Order, compelling Defendants to produce the discovery at issue, without objection.

**Efforts to Resolve Discovery Disputes**
     Around March 28, 2023, the undersigned wrote a detailed deficiency letter to counsel for the Donaldson and Chilliest LLP and Anthony Chilliest ("Defendants") outlining deficiencies in their discovery responses and to provide Defendants with an opportunity to correct them in order to avoid unnecessary judicial intervention. *See* First Deficiency Letter to Defendants, dated March 28, 2023, annexed hereto as **Exhibit A**. Around April 11, 2023, Defendants served updated discovery responses in light of Plaintiff's deficiency letter. However, these responses still contained many of the discovery deficiencies detailed in Plaintiff's initial letter.

     Around April 19, 2023, the undersigned met and conferred with counsel for the Chilliest Defendants for at least an hour via telephone and managed to resolve a majority of the discovery disputes outlined in her initial letter and agreed to further consider the few items still in dispute. Thereafter, the undersigned sent a second deficiency letter memorializing their conversation and requesting those discovery items still in dispute. *See* Second Deficiency Letter to Defendants, dated April 19, 2023, annexed hereto as **Exhibit B**.

     Around April 26, 2023, Defendants served updated discovery responses in light of their meeting and Plaintiff's second deficiency letter. Around May 5, 2023, after the conference before Your Honor, the Parties had a second meet and confer for at least an hour via telephone to try and resolve the few items still in dispute. Thereafter, counsel for Defendants agreed to further consider some of the few items still in dispute and get back to the undersigned with a final response. Between May 15-18, 2023, counsel for Defendants confirmed via email and on the phone, that they would not be producing any additional discovery without judicial intervention.

**Discovery Disputes after Extensive Meet and Confer Process**

    a.  **Documents concerning Defendants' Employees**

In light of Defendants' representations that they are not an employer within the meaning of Title VII of the Civil Rights Act ("Title VII"), Plaintiff has requested the production of any and all documents, including but not limited to, payroll records that relate or pertain to each person employed by Defendant Donaldson and Chilliest, LLP for each working day in each of 20 or more calendar weeks in 2019, 2020, 2021, 2022, and/or 2023 and any agent of such a person, including part-time employees, temporary employees, suspended employees, employees on leave or vacation, *and all persons Defendants consider independent contractors during this time frame.* Additionally, Plaintiff has requested the production of a complete and comprehensive list of each person employed by Defendant Donaldson and Chilliest, LLP for each working day in each of 20 or more calendar weeks in 2019, 2020, 2021, 2022, and/or 2023, and any agent of such a person, including part-time employees, temporary employees, suspended employees, employees on leave or vacation, *and all persons Defendants consider independent contractors during this time frame*. In response, Defendants produced records for Plaintiff a few other employees, but none of the attorneys listed on the firm's website or letterhead. Therefore, Plaintiff maintains that responsive documents to these requests exist that have not been produced.

    b.  **Documents concerning Defendants' Financial Information**

Plaintiff demanded financial information with respect to Defendants, due to her claim for punitive damages. Specifically, Plaintiff requested any and all documents related to Defendants' net worth, including but not limited to financial statements, assets, liabilities, and tax return forms from 2019 to the present. As detailed to Defendants in Plaintiff's deficiency letters, the Second Circuit has long held that "[i]n determining the amount and effectiveness of exemplary damages to be awarded against a defendant, the court may take into consideration the defendant's wealth or net worth." *Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1119 (2d Cir.1986). Further, "pre-trial financial discovery and a bifurcated trial is the more efficient method of managing a trial involving a punitive damages claim." *Hazeldine v Beverage Media, Ltd.,* 94 CIV. 3466 (CSH), 1997 WL 362229, at *3 (SDNY 1997); *see also Tillery v. Lynn,* 607 F.Supp. 399, 402 (S.D.N.Y.1985) ("[i]t would be unduly burdensome to plaintiff, and most particularly a jury and the court, to delay resolution of the issue as to the amount of punitive damages, if any, which should be awarded until discovery as to defendant's personal assets had been completed."). In response, Defendants refused to produce these documents claiming that they are not relevant at this stage in the litigation.

    c.  **Information concerning the Identity of Defendants' Employees**

In light of Defendants' representations that they are not an employer within the meaning of Title VII, Plaintiff has requested the identity of each person employed by Defendant Donaldson and Chilliest, LLP for each working day in each of 20 or more calendar weeks in 2019, 2020, 2021, 2022, and/or 2023, and any agent of such a person, including part-time employees, temporary employees, suspended employees, employees on leave or vacation, *and all persons Defendants consider independent contractors during this time frame.* In response, Defendants referred Plaintiff back to their document production, but refused to identify their employees and any agent of such a person, including part-time employees, temporary employees, suspended employees, employees on leave or vacation, *and all persons Defendants consider independent contractors during the requested time frame*.

    d.  **Information concerning the Identity of Cap or the Individual that Knows Cap**

Plaintiff has repeatedly requested the identity of Defendant Cap. During their meet and confer on April 19, 2023, counsel for Defendants reiterated that his client did know the identify of Defendant Cap. However, he did reveal that Defendant Cap was associated with a restaurant owner/client of the firm. Thereafter, Plaintiff requested the identity of the restaurant owner/client that is aware of the identity of Defendant Cap. Unfortunately, Defendants have refused to provide this information maintaining that their client's name is not pertinent to these proceedings. However, as detailed above, they most certainly are relevant as the sole person that can ostensibly identify Defendant Cap.

    Accordingly, Plaintiff respectfully requests a pre-motion conference regarding the outstanding discovery owed to Plaintiff as detailed in this letter. Alternatively, Plaintiff respectfully requests that Your Honor issue an Order, compelling Defendants to produce the discovery at issue, without objection. We thank the Court for its consideration of this request.

                                         Respectfully Submitted,
                                         **DEREK SMITH LAW GROUP, PLLC**

                                         /s/ Daniel Altaras
                                         Daniel J. Altaras, Esq.

cc: All Counsel of Record (Via ECF)

> Application denied without prejudice. The request filed by Plaintiff fails to comply with Rule 2 of the Court's Individual Rules of Practice in Civil Cases. The request must be made jointly. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 36.
> SO ORDERED.
>
> Dated: May 25, 2023
> New York, New York
>
>                                         GREGORY H. WOODS
>                                         United States District Judge